**19 MAG 11033**                    **ORIGINAL**

Approved: _Thomas John Wright_
THOMAS JOHN WRIGHT
Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :  **COMPLAINT**
                                  :
UNITED STATES OF AMERICA          :  Violations of
                                  :  21 U.S.C. §§ 812,
     - v. -                       :  841(a)(1), and
                                  :  841(b)(1)(B) and 18
FERNANDO DISLA,                   :  U.S.C. § 2
                                  :
               Defendant.         :  COUNTY OF OFFENSE:
                                  :  BRONX
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   SCOT MULLEN, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

   1. On or about November 21, 2019, in the Southern District of New York and elsewhere, FERNANDO DISLA, the defendant, intentionally and knowingly possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

   2. The controlled substances involved in the offense were approximately 10 grams and more of mixtures and substances containing a detectable amount of cocaine and 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. § 841(b)(1)(B).

                (Title 21, United States Code,
          Sections 812, 841(a)(1), and 841(b)(1)(B), and
               Title 18, United States Code, Section 2.)

   3. The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

4. I have served for approximately six years in the NYPD where I am currently assigned to the Detective Bureau in the Bronx, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement-officers and other individuals, as well as my examination of reports and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported in this Complaint, they are reported in substance and part, except where otherwise indicated.

5. Based on my conversations with other law-enforcement officers, including parole officers of the New York State Department of Corrections and Community Supervision ("DOCCS"), and my review of reports and other records related to their investigation, I have learned, among others things, the following, in substance and part:

  a. On or about April 24, 2018, FERNANDO DISLA, the defendant, was convicted of multiple drug-related felonies in the Commonwealth of Pennsylvania, for which he was subsequently sentenced to a term of incarceration of between 18 months and 36 months. On or about May 15, 2019, DISLA was released to parole supervision, which was subsequently transferred from the Commonwealth of Pennsylvania to the State of New York.

  b. On or about August 7, 2019, DISLA signed a Certificate of Release to Parole for DOCCS, agreeing to certain conditions of release in connection with his parole supervision, including his understanding that his "person, residence and property are subject to search and inspection."

  c. Thereafter, on or about October 25, 2019, a parole officer for DOCCS ("PO-1"), conducted a home visit for DISLA at 1278 Grant Avenue, Apartment 2, Bronx, NY 10456 ("Apartment-1"). Inside Apartment-1, PO-1 found DISLA, who reported to PO-1 that he was living in Apartment-1 and was in particular renting from the leaseholder of Apartment-1 the lone bedroom of Apartment-1 ("Bedroom-1").

  d. Yesterday, on or about November 21, 2019 at approximately 11:45 PM, two parole officer for DOCCS ("PO-1" and "PO-2"), conducted a search at Apartment-1. Inside Apartment-1, PO-1 and PO-2 found DISLA, who was lying on a mattress inside

2

Bedroom-1 where DISLA was the only person present. PO-1 and PO-2 proceeded to conduct a search of Bedroom-1 in the presence of DISLA. Beneath the mattress, PO-1 and PO-2 found a plate holding multiple items, including a plastic twist containing a large rock of a hard white substance, multiple loose rocks of a hard white substance, multiple razor blades covered in white residue, and a large quantity of small ziplock bags. Inside a plastic set of drawers in Bedroom-1, PO-1 and PO-2 further found a plastic twist containing a quantity of a white powder. Inside a closet in Bedroom-1, PO-1 and PO-2 found a shoe box containing a large quantity of small ziplock bags and two digital scales covered in white residue. On DISLA's person, PO-1 and PO-2 found more than $900.00 of United States currency, including approximately two-dozen $20 bills and approximately two-dozen $10 bills.

    e. Thereafter, a detective from the NYPD ("Detective-1") used a digital scale to weigh all of the rocks of the hard white substance, which Detective-1 identified weighed approximately 50 grams, and the quantity of white powder, which Detective-1 identified weighed approximately 10 grams.

  2. Based on my conversations with Detective-1, my review of a photograph of the rocks of the hard white substance and the white powder and the other paraphernalia found inside Bedroom-1, including the razors, digital scales, and small ziplock bags, I believe, based on my training and experience in the identification of drugs and my experience making drug-related arrests, that the rocks of the hard white substance are cocaine base, in a form commonly known as "crack," and the white powder is cocaine.

WHEREFORE, deponent respectfully requests that FERNANDO DISLA, the defendant, be imprisoned or bailed, as the case may be.

_____
SCOT MULLEN
Detective
New York City Police Department

Sworn to before me this
22nd day of November, 2019

_____
THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York